### THIRD AVE. R. CO. v. BARTON.

(Circuit Court of Appeals, Second Circuit. January 4, 1901.)

#### No. 35.

CARRIERS—INJURY TO PASSENGER ON STREET CAR—CONTRIBUTORY NEGLIGENCE.
Plaintiff mounted the running board on the side of a street car, and while the car was in motion the conductor called to him to come forward to a vacant seat. In passing forward on the running board, he met the conductor, and in attempting to pass around him on the outside struck against a pillar standing near the track, and was injured. *Held*, that the fact that plaintiff was acting in obedience to the invitation or direction of the conductor, or that the conductor obstructed his passage, did not absolve him from the duty of exercising reasonable prudence and

care for his own safety, and that, to entitle him to recover for the injury, it must appear from all the circumstances shown that in attempting to pass the conductor he acted with ordinary prudence.

In Error to the Circuit Court of the United States for the Southern District of New York.

H. R. Limburger, for plaintiff in error.
George R. Baker, for defendant in error.

Before WALLACE and LACOMBE, Circuit Judges.

LACOMBE, Circuit Judge. The action was brought to recover damages for personal injuries sustained by the plaintiff, and claimed to have been occasioned by the negligence of the defendant. Plaintiff, while a passenger on one of defendant's cars, which run beneath the elevated railroad structure on Third avenue, was brought into violent contact with one of the pillars of such structure, which was located with its base 3 feet $2\frac{1}{2}$ inches from the nearest rail of defendant's track. On the open cars of defendant there are uprights marking the different compartments or seats, to which are attached metal stanchions for handholds. The distance between these stanchions and the pillar is a trifle less than two feet. Access to the different seats is afforded by a side step or running board extending along the side of the car from front to rear. In view of the verdict of the jury, the plaintiff's version of the occurrence must be accepted. He boarded the car somewhere near Fifteenth street, getting on the step somewhat back of the middle of the car, with a stanchion in each hand. The car started, and the conductor motioned him to come forward, calling out: "Seat in front, sir. Come forward here, and get the seat." The plaintiff moved forward along the step to get the seat. At the same time the conductor was moving towards the rear along the same step. When they reached each other, the conductor "obstructed his way," and plaintiff was "passing the conductor at the time that he struck the post." The conductor "stood there" on the step, and by so standing "forced plaintiff around him," but did "not catch hold of plaintiff with his hand, or anything of that sort." Plaintiff "started to go around the conductor," and while in that situation his head came in contact with the pillar. The conductor did not go inside the car when plaintiff was about to pass. He passed plaintiff on the inside. Plaintiff had ridden on the road before, and knew of the elevated pillars that are located there in a general way.

Defendant assigns error that the jury was not sufficiently instructed by the charge as to the law of contributory negligence. After a brief statement as to the degree of care required from common carriers of passengers, the court charged as follows:

"There is no question that the plaintiff suffered on the morning of October 2, 1897, a very serious injury. Neither is there any question but that he received the injury by coming in contact with a pillar of the elevated railroad. There is no adequate question that if he received the injury by walking along the step, going behind the conductor in response to his demand or call, and if the conductor, by his command, placed the plaintiff in the condition or status of danger in consequence of which he received the injury, the defendant is liable; that is, if the conductor told him to place himself in a

position in which the plaintiff must necessarily come into a dangerous position, and in consequence of which he received the injury, the defendant is liable. Upon the other hand, if the plaintiff voluntarily, and without any reason except his own wish, left a position of safety, and placed himself in a position of danger, and there was no invitation or summons from the conductor, then the defendant is not liable. So that the question, as you see, is one entirely of fact. Which theory do you think has been proved to your satisfaction? The plaintiff must prove his case by a fair and reasonable preponderance of testimony. That does not mean by a superior number of witnesses, but by testimony which satisfies you of its correctness."

It is quite apparent from this quotation that the jury might fairly have inferred that, if the plaintiff were in a place of safety, and left it not voluntarily, or because of his own wish, but by reason of the invitation or summons of the conductor, in order to take a vacant seat, and while moving towards such vacant seat encountered the conductor, who insisted on standing in such a position that plaintiff could only proceed by undertaking a manifestly perilous passage, they must find for plaintiff. In order, however, to entitle the plaintiff to recover under such circumstances, it must be apparent upon the whole case that in undertaking such passage he acted as a man of ordinary prudence would have done. He was not physically thrust into peril. When he reached the conductor on the step, he might fairly have insisted that the latter should step inside, or should retreat sufficiently far to uncover the entrance to the vacant seat, or should allow plaintiff to pass inside of him. Certainly, plaintiff was under no obligation to proceed by passing on the outside of the conductor, and whether he acted with reasonable prudence in attempting to do so was a question which defendant was entitled to have submitted to the jury, but which, under the charge, was practically withdrawn from their consideration. Defendant excepted to that portion of the charge which instructed the jury that "there is no question but that, if he was called by the conductor, and placed in a position of danger, then the defendant is liable, and the plaintiff is entitled to recovery." And defendant specifically called the court's attention to its twenty-first and twenty-second requests to charge, and excepted to its refusal to charge them. They read as follows:

"(21) If you believe that the plaintiff, even though he were invited to do so by the conductor, committed a negligent act in passing around the conductor while on the step, then your verdict must be for the defendant. (22) An invitation by a conductor does not relieve a passenger from the rule that the passenger must use care of an ordinarily prudent man for his own safety."

We think it was error to refuse these requests. The judgment is reversed, and new trial ordered, with costs of this court to plaintiff in error.